**Augusto Brigido SAAVEDRA CALDERON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73247.

Agency No. A70–784–023.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Augusto Brigido Saavedra Calderon, Los Angeles, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Office of Immigration Litigation Civil Division, Department of Justice, Norah Ascoli Schwarz, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM **

Augusto Brigido Saavedra Calderon, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

According to the INS Forensic Document Laboratory, documents Saavedra Calderon supplied in support of his asylum claim were found to have been produced by the same typewriter, despite the fact that they purported to originate from dif-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ferent entities. Substantial evidence therefore supports the IJ's decision that Saavedra Calderon's claim to asylum was fraudulent and had no basis in fact. *See Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir.2000) (the same standards governing credibility determinations of testimonial evidence apply to documentary evidence); *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999) (the presentation of a fraudulent document in an asylum adjudication for the purpose of proving an essential element of the asylum claim is an indication of lack of credibility); *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990).

Because Saavedra Calderon failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

We decline to address Saavedra Calderon's CAT claim because he did not exhaust his administrative remedies. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir. 1999).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire on issuance of this court's mandate.

PETITION FOR REVIEW DENIED.